

FILED

11/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0011

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 21-0011

**FILED**

NOV 09 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

IN THE MATTER OF THE
CONSERVATORSHIP OF:

H.D.K.,

A Protected Person.

ORDER

Appellant T.K. filed a petition for rehearing of this Court's October 5, 2021, Opinion affirming the Fourth Judicial District Court's Findings of Fact and Conclusions of Law. *In the Matter of H.D.K.*, 2021 MT 254. Appellees H.D.K. and S.K.H. object to the petition.

Under M. R. App. P. 20, this Court seldom grants petitions for rehearing. The Rule makes clear that this Court will entertain a petition for rehearing on very limited grounds. This Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion overlooked a question that would have decided the case, or if the "decision conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20.

T.K. raises three primary issues in his petition. He argues first that this Court erred by failing to consider his present interest in certain properties affected by the District Court's Order. The District Court's Order reflects the parties' understanding, including T.K.'s testimony, that H.D.K.'s estate planning would require some property transfers and affect T.K.'s and S.K.H.'s present interests. Moreover, T.K. raised this issue for the first time in his reply brief. We have long held that issues not raised before the district court will not be considered on appeal. *See, e.g., Martz v. Beneficial Mont., Inc.*, 2006 MT 94, ¶ 25, 332 Mont. 93, 135 P.3d 790.

Second, T.K. argues this Court misconstrued or ignored several facts. First, T.K. argues we overlooked or conflated evidence concerning Dirk Williams's credibility. It is the District Court's province, not ours, to judge the credibility of witnesses. *See Owen v. Skramovsky*, 2013 MT 348, ¶ 22, 372 Mont. 531, 313 P.3d 426. Second, T.K. urges the Court to reassess his procedural and substantive due process claims considering his newly available proposed Findings of Fact and Conclusions of Law. We note first that T.K.'s substantive due process claim arises for the first time in his petition for rehearing. Because M. R. App. P. 20(1)(a) requires petitioners to identify or establish, among other things, that this Court "overlooked some question *presented by counsel* that would have proven decisive to the case[,]" it is manifest that new arguments cannot be raised in a petition for rehearing. Moreover, as we stated in our Opinion, "H.D.K.'s best interests, not [T.K.'s], were the focus of the proceeding." Opinion, ¶ 21. T.K.'s newly discovered Findings of Fact and Conclusions of Law do not change this fundamental conclusion.

Finally, T.K. takes issue with the Court's characterization of certain facts and argues we overlooked additional material facts. First, the characterization of T.K.'s son's interaction with H.D.K. had no bearing on the Court's analysis and accordingly cannot be considered "material." Second, T.K. points to conflicting evidence of H.D.K.'s intent to argue the Court factually erred in concluding H.D.K.'s testamentary intent remained consistent. We considered the evidence and, as we stated in the Opinion, we decline to substitute our judgment for the District Court's where conflicting evidence exists. Opinion, ¶ 43. T.K. may disagree with our conclusion, but he has presented no material facts we overlooked.

Having fully considered T.K.'s petition and the Appellees' response, the Court concludes that rehearing is not warranted under Rule 20. The Court did not overlook material facts or issues raised by the parties or fail to address a controlling statute or decision that conflicts with the Opinion.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

2

The Clerk is directed to provide copies of this Order to all parties and counsel of record.

Dated this  9ᵗʰ  day of November, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3